GATES *v.* CITIZENS' BANK OF PERRY.

*(Supreme Court, General Term, Fifth Department. June, 1892.)*

WRONGFUL ATTACHMENT—VALIDITY OF GENERAL ASSIGNMENT.

    A judgment for defendant in an action for the wrongful attachment of goods, assigned by a firm for the benefit of its creditors, commenced before the recovery of judgment in the actions of attachment, will be reversed, where the referee, following a decision of the general term, which was subsequently reversed by the court of appeals, erroneously found that a preference vitiated the assignment, the only other evidence relied upon to show its invalidity being that the agent of the firm had settled certain individual debts of the partners, that they had shortly before the assignment withdrawn unimportant sums of money, and that their agent had overdrawn his account, and transferred some real estate to his wife. CHILDS, J., dissenting.

Appeal from judgment on report of referee.

Action by John F. Gates, assignee under an assignment by Helen A. and L. Sophia Williams for the benefit of their creditors, against the Citizens' Bank of Perry, N. Y. From a judgment entered on the report of a referee dismissing the complaint, and an order granting defendant an extra allowance of costs, plaintiff appeals. Reversed.

Argued before DWIGHT, P. J., and LEWIS and CHILDS, JJ.

*B. Frank Dake,* for appellant.    *F. C. Peck* and *Eugene M. Bartlett,* for respondent.

LEWIS, J.    Helen A. and L. Sophia Williams, in September, 1886, formed a copartnership under the firm name of Williams & Co., to conduct the dry goods, cloak, and carpet business in the village of Perry, N. Y.    They continued in business as such copartners down to the 31st day of January, 1890, when the firm was dissolved by the making of an assignment to the plaintiff of their property for the benefit of their creditors.    Their assignment provided, first, for the payment of the expenses of executing the assignment, the salaries of employes, and then directed the assignee to pay out of the assigned property, next after the above-mentioned costs, expenses, and wages, two promissory notes, held and owned by E. M. Clark, of Perry. N. Y., amounting in the aggregate to the sum of $600.    The assignee took possession of the assigned property, and entered upon the discharge of his duties as such assignee.    The defendant was, at the date of the assignment, a creditor of the assignors in the amount of six or seven thousand dollars.    Three actions were commenced by the defendant against the assignors to recover such claims, and an attachment in each action was procured, and the assigned property attached.    The affidavits on which these attachments were granted stated the facts out of which the indebtedness to Mr. Clark, represented by the notes, arose, and claimed that it was the individual indebtedness of Helen A. Williams.    A motion was made by the defendants in said action to set aside the attachment on the ground that the facts stated in the affidavits upon which the attachments were issued did not establish that the Clark claim was the individual debt of Helen A. Williams.    The motion was denied, and, upon an appeal, the orders were affirmed by the general term of this department.    An appeal was thereupon taken to the court of appeals, and, pending that appeal, this action was tried and decided by the referee. The referee found as facts in his report the indebtedness of the assignors to the defendant, the recovery of the judgments by the defendant against the assignors, the issuing and levy of the attachments, the assignment to the plaintiff, who took possession of the assigned property, and that the only right or interest he had in the property was by virtue of the assignment; and found that the assignment was made with intent to hinder, delay, and defraud the defendant, and others, creditors of the assignors; and, as a conclusion of law, that the assignment was void, and that the plaintiff's complaint should be dismissed.    At the time of the making of the referee's report it was held as the law of this case, as decided by the general term of this department, that the facts stated in the affidavits mentioned proved that the preference of the Clark claim made the assignment void.    The referee undoubtedly followed that decision in making his report.    Since then the court of appeals has handed down a decision in the appeal from the general term, (28 N. E. Rep. 33,) deciding that the facts stated in the affidavits upon which the attachments were issued did not warrant the issuing of the attachments, but that the Clark indebtedness was one which the assignors could legally prefer.    The defendant, however, contends that, notwithstanding the failure of its defense under the attachment, there was other evidence sufficient to sustain the report.

There was evidence tending to show that, during the four or five years the copartnership existed, the copartners resided in the village of Perry, and were accustomed to make purchases for supplies for themselves and their families in the village, which were charged to them individually; and that the merchants of whom they made these purchases made purchases at the store of the firm, which were charged to them upon the firm books, and that these accounts were annually adjusted, by having the parties to whom these accounts

were owing credited the amount thereof on the books of the firm, and charging upon the books of the firm the partners, respectively, with the amounts of the accounts so settled. The accounts for the year immediately preceding the assignment were thus adjusted during a few days prior to and after the making of the assignment.

The record shows that neither of the copartners, with unimportant exceptions in the case of Helen A. Williams, paid any personal attention to the business. It was mainly managed by Fred C. Williams, a son, and Clarence M. Smith, a son-in-law, of Helen A. Williams. These transfers of accounts in 1890 were made by these agents, without the knowledge or consent, so far as the record shows, of L. Sophia Williams. There is evidence tending to show that Helen A. Williams knew that this settlement of accounts was being made. There is no evidence that, at the time she was so informed, either member of the firm had any knowledge or information as to the firm's financial condition. There was also evidence tending to show that the assignors withdrew from the assets of the firm, a short time prior to making the assignment, small sums of money and goods; not, however, of sufficient amount or value to justify an inference of a fraudulent intent. The evidence tends to show that at the time of the settlement of these accounts, about the time of the making of the assignment, Fred C. Williams and Clarence M. Smith, the agents, knew that the firm was financially embarrassed.

It is contended by the defendant that the assignors are chargeable with the guilty intent of their agent Fred C. Williams in making these settlements. The referee has failed to make any finding as to this branch of the evidence. There are authorities holding that, under some circumstances, the guilty intent of an agent may be imputed to his principal. The real question here is the intent with which the assignors made the assignment, and, assuming that their agents were guilty of fraud in the management of the affairs of the firm, it does not necessarily follow that the assignors are to be chargeable with such fraudulent intentions. There was evidence that Fred C. Williams had overdrawn his account with the firm to a considerable amount; and there was also evidence admitted, under the objection of the plaintiff, that a short time prior to the assignment he transferred to his wife some real estate in the village of Perry. This evidence, it is claimed, was competent, as tending to show the fraudulent intent upon the part of the agent. Had such a transfer been made by one or both of the copartners just prior to the assignment, it would have been important evidence; but it is quite doubtful whether the evidence of this transfer by the agent was competent.

The plaintiff was in possession of the attached goods under an assignment which was valid as between himself and the assignors. The defendant, under attachments which were by the decision of the court of appeals declared to be invalid, attached and took the goods into its possession. This action was commenced before the defendant obtained judgments in the attachment actions. It is the contention of the plaintiff that, its attachments having been declared invalid, its entire defense fails. Without further reviewing or discussing the main points and authorities referred to in the very voluminous briefs of the counsel, in view of the fact that the defendant's main defense is eliminated from the case by the decision of the court of appeals, the judgment, we think, should be set aside, and a new trial had before a referee, who will not be embarrassed with the question of the preference of the Clark claim.

Judgment reversed, new trial granted, with costs to abide the event.

DWIGHT, P. J., concurs. CHILDS, J., dissents. For dissenting opinion, see 20 N. Y. Supp. ——.